1  **McGuireWoods LLP**
   Matthew C. Kane, Esq.   (SBN 171829)
2       Email:     mkane@mcguirewoods.com
   Christopher A. Killens, Esq.  (SBN 254466)
3       Email:     ckillens@mcguirewoods.com
   1800 Century Park East, 8th Floor
4  Los Angeles, California 90067
   Telephone:  (310) 315-8200
5  Facsimile:   (310) 315-8210

6  Attorneys for Defendants
   SEA/SUE, INC.; CHARLES ANDERSON; and
7  JAMES SAFECHUCK

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12 LORENN ANDERSON, an individual;         CASE NO.  CV13  42228 GAFIVBK
   RONDA ANDERSON-SINGER, an
13 individual,                             [Ventura County Superior Court, Case
                                           No. 56-2013-00435786-CU-MC-
14          Plaintiffs,                    VTA]

15     vs.                                **DEFENDANTS' NOTICE OF
                                          REMOVAL OF CIVIL ACTION
16 SEA/SUE, INC. a California corporation; FROM STATE COURT**
   CHARLES ANDERSON, and individual;
17 JAMES SAFECHUCK, and individual and    Complaint Filed:    04/26/2013
   DOES 1 through 180, inclusive.         Complaint Served:   05/14/2013
18
19          Defendants.
20
21
22
23
24
25
26
27
28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants SEA/SUE, INC., CHARLES ANDERSON, and JAMES SAFECHUCK (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Ventura (the "State Court") to this United States District Court for the Central District of California, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, and all other applicable bases for removal.  This Notice is based upon the Court's original jurisdiction and all other applicable bases for jurisdiction.  In support of its Notice of Removal, Defendant avers as follows:

## STATE COURT ACTION

1.  On or about April 26, 2013, a lawsuit was commenced against Defendants in the State Court entitled *Anderson, et. al. v. Sea/Sue, Inc., et. al.,* Case No. 56-2013-00435786-CU-MC-VTA (the "State Court Action"), by the filing of a Complaint therein (the "Complaint"), a true and correct copy of which is attached hereto as Exhibit A.

2.  On or about May 14, 2013, Defendants were ostensibly served with a copy of the Complaint and the following documents from the State Court Action, a true and correct copy of each of which is attached hereto as the Exhibits identified below:

Exhibit B:    Summons

Exhibit C:    Notice of Case Assignment and Mandatory Appearance

3.  Defendants are informed and believe that there has been no service of process upon Defendants Does 1 through 180, which are fictitious defendants and are therefore disregarded for the purpose of this removal.  28 U.S.C. § 1441(a).  As such, Defendants are the only defendants needed to consent to this removal.

4.  Defendants are informed and believe that the aforementioned

1

documents and exhibits constitute all of the process, pleadings and orders on file in the State Court Action.

## REMOVAL JURISDICTION

5.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1441, and all other applicable bases for removal.

6.     As required by 28 U.S.C. § 1441, Defendants remove this case to the United States District Court for the Central District of California, which is the District Court embracing the place where the State Court Action has been filed.

7.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such a Notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Defendants have filed this Notice of Removal within thirty days of May 14, 2013, the date they were served with and received the Summons and Complaint in this action.

8.     In accordance with 28 U.S.C. § 1446(d), Defendants have given contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## FEDERAL QUESTION JURISDICTION

9.     This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it involves claims and/or issues arising in whole or in part under the Constitution, laws or treaties of the United States.

10.     Plaintiff's Complaint involves a federal question because it involves claims and/or issues that arise under, are intertwined with, and/or derive in whole or in part from Defendant Sea/Sue, Inc.'s S-Corporation federal tax status which will require application and/or interpretation of Subchapter S of the Internal Revenue Code ("IRC"), 28 U.S.C. § 1361 et seq. More specifically, and without limiting the foregoing, Plaintiffs' purported First and Second Causes of Action for "an Accounting," Third and Fourth Causes of Action for "Account Stated," Fourth and

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

Fifth Causes of Action for "Breach of Fiduciary Duty," Seventh and Eighth Causes of Action for "Conspiracy to Breach Fiduciary Duty" and Ninth Cause of Action for "Declaratory Relief" are all based on Plaintiffs' claim that "Sea/Sue is a 'S-Corporation' taxed as a partnership with all shareholders entitled to a percentage of the profits or losses of the Sea/Sue operation based on their ownership interest." *See* Complaint (Exh. A.), ¶¶ 7, 8, 15, 16, 21, 25, 29, 36, 43, 52, 61. Further, Plaintiff's Ninth Cause of Action for Declaratory Relief specifically seeks a judicial declaration of Plaintiff's "rights as shareholders of Sea/Sue as a result of the sub-chapter S-election…" Complaint (Exh. A), ¶ 64. Based upon these allegations, there is a federal question. *See Ultramar America Ltd. v. Dwelle,* 900 F.2d 1412, 1414 (9th Cir. 1990) ("The existence of federal question jurisdiction is ordinarily determined from the face of the complaint.").

11. Accordingly, each of Plaintiff's purported causes of action arises under federal law because Plaintiffs' right to relief requires the resolution of a substantial question of federal law related to whether Defendant Sea/Sue, Inc.'s S-Corporation federal tax status entitles Plaintiffs to a distribution or dividend payment which arises in whole or in part under the Constitution, laws or treaties of the United States, namely, the IRC.

## SUPPLEMENTAL JURISDICTION

12. To the extent that one or more of the aforementioned causes of action is found not to arise in whole or in part under the Constitution, laws or treaties of the United States, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a) because those claims arise out of the same operative facts and, therefore, derive from or otherwise relate to Defendant Sea/Sue, Inc.'s S-Corporation federal tax status and Plaintiffs' rights as shareholders of Defendant Sea/Sue, Inc. as a result of its S-Corporation federal tax status election.

## VENUE

13. This is a civil action originally filed in a California state court.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

Defendants are informed and believe that the events allegedly giving rise to this action occurred within this judicial district. This court has jurisdiction in this action under 28 U.S.C. § 1331 because it involves claims and/or issues arising in whole or in part under the Constitution, laws or treaties of the United States. Accordingly, as the State Court Action is now pending in Ventura County, California, Defendants are entitled, pursuant to 28 U.S.C. § 1441(a), to remove this action to the United States District Court for the Central District of California.

WHEREFORE, Defendants respectfully request that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED:  June 12, 2013

McGUIREWOODS LLP

By: _____
          Matthew C. Kane, Esq.
          Christopher A. Killens, Esq.

Attorneys for Defendant
SEA/SUE, INC., CHARLES ANDERSON
and JAMES SAFECHUCK

1　Stephen M. Feldman, Esq./SBN 65773
　　LAW OFFICES OF STEPHEN M. FELDMAN, INC.
2　21631 Heather Lee Lane
　　Chatsworth, CA 91311
3　Tel No. (818) 407-0608
　　Fax No. (818)407-0620
4

VENTURA
SUPERIOR COURT
**FILED**

APR 2 6 2013

MICHAEL D. PLANET
Executive Officer and Clerk
By:_____Deputy
JESSICA BROWN

5　Attorney for Plaintiffs LORENN ANDERSON; RONDA ANDERSON-SINGER

6

7

8　　　　SUPERIOR COURT OF THE STATE OF CALIFORNIA

9　　　　COUNTY OF VENTURA-UNLIMITED JURISDICTION

10

11　LORENN ANDERSON, an individual; RONDA　　CASE NO.
　　ANDERSON-SINGER, an individual,　　　　　　56-2013-00435786-CU-MC-VTA
12

13　　　　　　　Plaintiffs,　　　　COMPLAINT FOR ACCOUNTING,
　　　　　　　　　　　　　　　　　　ACCOUNT STATED, BREACH OF
14　　　vs.　　　　　　　　　　　　FIDUCIARY DUTY, CONSPIRACY TO
　　　　　　　　　　　　　　　　　　BREACH FIDUCIARY DUTY AND
15　　　　　　　　　　　　　　　　　DECLARATORY RELIEF

16　SEA/SUE, INC., a California corporation;
　　CHARLES ANDERSON, an individual;
17　JAMES SAFECHUCK, an individual and
　　DOES 1 through 180, inclusive,
18
　　　　　　　Defendants.
19

20

21　　　　COMES NOW Plaintiff LORENN ANDERSON and as and for a First Cause of Action against

22　Defendants SEA/SUE, INC., a California corporation and DOES 1-20, inclusive, and each of them, for

23　an Accounting, Plaintiff alleges as follows:

24　　　　1.　　Defendant SEA/SUE, INC. ("Sea/Sue") is, and at all times herein mentioned was a

25　corporation organized and existing under and by virtue of the laws of the State of California doing

26　business in Simi Valley, CA.

27

28　*Complaint*

2.      Defendant CHARLES ANDERSON ("Charles") is, and at all times herein mentioned was an individual doing business in Ventura County, CA.

3.      Defendant JAMES SAFECHUCK ("James") is, and at all times herein mentioned was an individual doing business in Ventura County, CA.

4.      Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 180, inclusive, and therefore sues these Defendants by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages herein alleged were proximately caused by their conduct.

5.      Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned all of the Defendants named herein were authorized and directed by their Co-Defendants to act as agents, representatives, employees and servants and that all of the things herein alleged to have been done by the Defendants herein were done in the capacity of such agency, service, representation or employment if the context so suggests.

6.      Plaintiff LORENN ANDERSON ("Lorenn") is a shareholder of Sea/Sue. Lorenn owns 11.25% interest in Sea/Sue.

7.      Sea/Sue is a "S-Corporation" taxed as a partnership with all shareholders entitled to a percentage of the profits or losses of the Sea/Sue operation based upon their ownership interest. Each year prior to May 1, 2010, all owners of Sea/Sue received a K-1 indicating their percentage of the profits and losses of Sea/Sue with the year in question along with a distribution of profits.

8.      Commencing, in or about May 1, 2010 and continuing to the present time, Sea/Sue provided Plaintiff Lorenn with K-1's demonstrating that Plaintiff was entitled to a particular percentage of the profits of Sea/Sue, but Sea/Sue failed and refused to distribute these profits demonstrated on the K-1s to Plaintiff Lorenn. In fact, on May 10, 2010, without explanation and after years of distributing profits, Defendants sent out a writing announcing the cessation of its policy of making distributions or

1   dividends to shareholders.

2       9.      As a result of the failure of Sea/Sue to distribute the profits reflected in the K-1s to

3   Plaintiff, Plaintiff was and is obligated to pay taxes on profits from Sea/Sue for which Plaintiff has not

4   received a distribution of profits from Sea/Sue.  In other words, based upon the policy of Sea/Sue

5   commencing May 1, 2010, to distribute K-1s without distribution of the reflective profits to Plaintiff,

6   Plaintiff had tax liability for the Sea/Sue profits but did not receive a distribution of the profits for which

7   to pay the taxes placing Plaintiff in a precarious financial position.

8       10.     Plaintiff does not know the precise amount of profits which should have been

9   distributed to Plaintiff for the years 2010 through the filing of the subject action, but Plaintiff contends

10  that Plaintiff is entitled to receive a profit from Sea/Sue which profits are due and owing to Plaintiff.

11  Defendants, and each of them, however, have not accounted for the profits in the K-1s and have not paid

12  Plaintiff the share of the profits as reflected in the K-1s or otherwise.

13      11.     Plaintiff does not know the precise amount of profits on which to base Plaintiff's claim

14  for compensation, because such profits can only be determined by an accounting of Defendants' books

15  and records.  Plaintiff is informed and believes and based thereon alleges that Defendants, and each of

16  them, owe Plaintiff Lorenn profits in excess of $270,000.00.

17      12.     Plaintiff has demanded an accounting by Defendants, and each of them, for transactions

18  on which Defendants' profits can be ascertained and has demanded payment of the compensation due

19  Plaintiff based on such profits.  Defendants, and each of them, have failed and refused, and continue to

20  fail and refuse, to make such an accounting or to pay Plaintiff the compensation due her.

21  AS AND FOR A SECOND AND SEPARATE CAUSE OF ACTION BY PLAINTIFF RONDA

22      AGAINST DEFENDANTS SEA/SUE AND DOES 21 THROUGH 40, INCLUSIVE, AND

23      EACH OF THEM, FOR AN ACCOUNTING, PLAINTIFF RONDA ALLEGES AS

24                              FOLLOWS:

25      13.     Plaintiff repeats and realleges Paragraphs 1 through 5 of the First Cause of Action and by

26  this reference incorporate same herein as though set forth in full hereat.

27

28  *Complaint*                               3

1    14.    Plaintiff RONDA ANDERSON-SINGER ("Ronda") is a shareholder of Sea/Sue.

2  Ronda owns 6.25% interest in Sea/Sue.

3    15.    Sea/Sue is a "S-Corporation" taxed as a partnership with all shareholders entitled to

4  a percentage of the profits or losses of the Sea/Sue operation based upon their ownership interest. Each

5  year prior to May 1, 2010, all owners of Sea/Sue received a K-1 indicating their percentage of the profits

6  and losses of Sea/Sue with the year in question along with a distribution of profits.

7    16.    Commencing, in or about May 1, 2010 and continuing to the present time, Sea/Sue

8  provided Plaintiff Ronda with K-1's demonstrating that Plaintiff was entitled to a particular percentage

9  of the profits of Sea/Sue, but Sea/Sue failed and refused to distribute these profits demonstrated on the

10  K-1s to Plaintiff Ronda. In fact, on May 10, 2010, without explanation and after years of distributing

11  profits, Defendants sent out a writing announcing the cessation of its policy of making distributions or

12  dividends to shareholders.

13    17.    As a result of the failure of Sea/Sue to distribute the profits reflected in the K-1s to

14  Plaintiff, Plaintiff was and is obligated to pay taxes on profits from Sea/Sue for which Plaintiff has not

15  received a distribution of profits from Sea/Sue. In other words, based upon the policy of Sea/Sue

16  commencing May 1, 2010, to distribute K-1s without distribution of the reflective profits to Plaintiff,

17  Plaintiff had tax liability for the Sea/Sue profits but did not receive a distribution of the profits for which

18  to pay the taxes placing Plaintiff in a precarious financial position.

19    18.    Plaintiff does not know the precise amount of profits which should have been

20  distributed to Plaintiff for the years 2010 through the filing of the subject action, but Plaintiff contends

21  that Plaintiff is entitled to receive a profit from Sea/Sue which profits are due and owing to Plaintiff.

22  Defendants, and each of them, however, have not accounted for the profits in the K-1s and have not paid

23  Plaintiff the share of the profits as reflected in the K-1s or otherwise.

24    19.    Plaintiff does not know the precise amount of profits on which to base Plaintiff's claim

25  for compensation, because such profits can only be determined by an accounting of Defendants' books

26  and records. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of

27

28  *Complaint*                                                   4

1  them, owe Plaintiff Ronda profits in excess of $150,000.00.

2      20.   Plaintiff has demanded an accounting by Defendants, and each of them, for transactions

3  on which Defendants' profits can be ascertained and has demanded payment of the compensation due

4  Plaintiff based on such profits. Defendants, and each of them, have failed and refused, and continue to

5  fail and refuse, to make such an accounting or to pay Plaintiff the compensation due her.

6  AS AND FOR A THIRD AND SEPARATE CAUSE OF ACTION AGAINST DEFENDANTS

7  SEA/SUE AND DOES 41 THROUGH 60, INCLUSIVE, AND EACH OF THEM FOR AN

8  ACCOUNT STATED, PLAINTIFF LORENN ALLEGES AS FOLLOWS:

9      21.   Plaintiff repeats and realleges Paragraphs 1 through 12 of the First Cause of Action and

10 by this reference incorporate same herein as though set forth in full hereat.

11     22.   Within four (4) years last past at Simi Valley, CA, an account was stated in writing by and

12 between Plaintiff Lorenn and Defendants, and each of them, and on such statement a balance of

13 $270,055.00 was found due to Plaintiff Lorenn from Defendants. Defendants, and each of them, agreed

14 to pay to Plaintiff Lorenn said balance.

15     23.   Although demanded by Plaintiff Lorenn from Defendants, and each of them, neither all nor

16 any part of the agreed balance has been paid.

17     24.   There is now due, owing and unpaid from Defendants, and each of them, to Plaintiff

18 Lorenn the sum of $270,055.00 together with interest thereon at the rate of 10% per annum from and

19 after January 1, 2010.

20     AS AND FOR A FOURTH AND SEPARATE CAUSE OF ACTION AGAINST

21  DEFENDANTS SEA/SUE AND DOES 61 THROUGH 80, INCLUSIVE, AND EACH OF

22  THEM FOR AN ACCOUNT STATED, PLAINTIFF RONDA ALLEGES AS FOLLOWS:

23     25.   Plaintiff repeats and realleges Paragraphs 14 through 20 of the Second Cause of Action

24 and by this reference incorporate same herein as though set forth in full hereat.

25     26.   Within four (4) years last past at Simi Valley, CA, an account was stated in writing by and

26 between Plaintiff Ronda and Defendants, and each of them, and on such statement a balance of

27

28  *Complaint*                                    5

1  $150,031.00 was found due to Plaintiff Ronda from Defendants. Defendants, and each of them, agreed

2  to pay to Plaintiff Ronda said balance.

3       27.  Although demanded by Plaintiff Ronda from Defendants, and each of them, neither all nor

4  any part of the agreed balance has been paid.

5       28.  There is now due, owing and unpaid from Defendants, and each of them, to Plaintiff Ronda

6  the sum of $150,031.00 together with interest thereon at the rate of 10% per annum from and after

7  January 1, 2010.

8      **AS AND FOR A FIFTH AND SEPARATE CAUSE OF ACTION AGAINST DEFENDANTS**

9      **CHARLES AND DOES 81 THROUGH 100, INCLUSIVE, AND EACH OF THEM FOR**

10      **BREACH OF FIDUCIARY DUTY, PLAINTIFF LORENN ALLEGES AS FOLLOWS:**

11       29.  Plaintiff repeats and realleges Paragraphs 1 through 12 of the First Cause of Action,

12  Paragraphs 22 through 24 of the Third Cause of Action and by this reference incorporate same herein

13  as though set forth in full hereat.

14       30.  Defendant Charles is the brother of Plaintiff Lorenn. Furthermore, Defendant Charles

15  is an Officer and Director of Sea/Sue and a majority shareholder of Sea/Sue controlling his shares of

16  stock as well as the shares of stock of SUSAN ANDERSON through a Power of Attorney as well as

17  SUSAN ANDERSON's diminished capacity.

18       31.  As the brother of Plaintiff Lorenn, an Officer and Director of Sea/Sue and as a person

19  controlling the majority stock interest of Sea/Sue, Charles owes to Plaintiff Lorenn a fiduciary duty.

20       32.  Defendant Charles breached the fiduciary duty owed to Plaintiff Lorenn in or about April

21  29, 2010 and continuing to the present time, by orchestrating and implementing a policy whereby profits

22  to which Plaintiff Lorenn would be entitled from her ownership interest of Sea/Sue would be allocated

23  to Plaintiff Lorenn through K-1s, but the profits reflected in the K-1s would not be distributed so that

24  severe economic pressure would be brought to bear upon Plaintiff Lorenn who given her limited

25  resources from a leave from Sea/Sue on disability would be unable to pay the taxes due on the profits

26  reported under the K-1s.

27

28  *Complaint*                          6

33.   As a direct and proximate result of the breach of fiduciary duty by Defendants, and each of them, Plaintiff Lorenn has sustained damages in excess of $270,000.00 the exact amount of which would be determined at the time of trial.

34.   As a further direct and proximate result of the breach of fiduciary duty by Defendants, and each of them, Plaintiff Lorenn suffered humiliation, mental anguish and emotional and physical distress all to her damage in an amount to be determined at the time of trial.

35.   The actions of Defendants, and each of them, were willful, wanton, malicious, intentional and oppressive and were done in conscious disregard of the rights of Plaintiff Lorenn and were done to deprive Plaintiff Lorenn of profits to which Plaintiff Lorenn was rightfully entitled, to place Plaintiff Lorenn in severe economic hardship with a view toward inducing Plaintiff Lorenn to sell her shares of stock in Sea/Sue to Defendants at less than their fair market value justifying an award of punitive and/or exemplary damages in an amount to be determined at the time of trial.

**AS AND FOR A SIXTH AND SEPARATE CAUSE OF ACTION AGAINST DEFENDANTS CHARLES AND DOES 101 THROUGH 120, INCLUSIVE, AND EACH OF THEM FOR BREACH OF FIDUCIARY DUTY, PLAINTIFF RONDA ALLEGES AS FOLLOWS:**

36.   Plaintiff repeats and realleges Paragraphs 14 through 20 of the Second Cause of Action, Paragraphs 26 through 28 of the Fourth Cause of Action and by this reference incorporate same herein as though set forth in full hereat.

37.   Defendant Charles is the brother of Plaintiff Ronda.  Furthermore, Defendant Charles is an Officer and Director of Sea/Sue and a majority shareholder of Sea/Sue controlling his shares of stock as well as the shares of stock of SUSAN ANDERSON through a Power of Attorney as well as SUSAN ANDERSON's diminished capacity.

38.   As the brother of Plaintiff Ronda, an Officer and Director of Sea/Sue and as a person controlling the majority stock interest of Sea/Sue, Charles owes to Plaintiff Ronda a fiduciary duty.

39.   Defendant Charles breached the fiduciary duty owed to Plaintiff Ronda in or about April 29, 2010 and continuing to the present time, by orchestrating and implementing a policy whereby profits

1  to which Plaintiff Ronda would be entitled from her ownership interest of Sea/Sue would be allocated

2  to Plaintiff Ronda through K-1s, but the profits reflected in the K-1s would not be distributed so that

3  severe economic pressure would be brought to bear upon Plaintiff Ronda.

4      40.   As a direct and proximate result of the breach of fiduciary duty by Defendants, and each

5  of them, Plaintiff Ronda has sustained damages in excess of $150,000.00 the exact amount of which

6  would be determined at the time of trial.

7      41.   As a further direct and proximate result of the breach of fiduciary duty by Defendants, and

8  each of them, Plaintiff Ronda suffered humiliation, mental anguish and emotional and physical distress

9  all to her damage in an amount to be determined at the time of trial.

10      42.   The actions of Defendants, and each of them, were willful, wanton, malicious, intentional

11  and oppressive and were done in conscious disregard of the rights of Plaintiff Ronda and were done to

12  deprive Plaintiff Ronda of profits to which Plaintiff Ronda was rightfully entitled, to place Plaintiff

13  Ronda in severe economic hardship with a view toward inducing Plaintiff Ronda to sell her shares of

14  stock in Sea/Sue to Defendants at less than their fair market value justifying an award of punitive and/or

15  exemplary damages in an amount to be determined at the time of trial.

16          **AS AND FOR A SEVENTH AND SEPARATE CAUSE OF ACTION AGAINST**

17          **DEFENDANTS SEA/SUE, CHARLES, JAMES AND DOES 121 THROUGH 140,**

18        **INCLUSIVE, AND EACH OF THEM FOR CONSPIRACY TO BREACH FIDUCIARY**

19             **DUTY, PLAINTIFF LORENN ALLEGES AS FOLLOWS:**

20      43.   Plaintiff repeats and realleges Paragraphs 1 through 12 of the First Cause of Action,

21  Paragraphs 22 through 24 of the Third Cause of Action, Paragraphs 30 through 35 of the Fifth Cause of

22  Action and by this reference incorporate same herein as though set forth in full hereat.

23      44.   On or about April 29, 2010, Defendants Sea/Sue, Charles, James and Does 120 through

24  140, and each of them, knowingly and willfully conspired and agreed among themselves to breach the

25  fiduciary duty owed by the Officers, Directors and majority shareholders of Sea/Sue including James,

26  who owns 1125 shares with his wife, Stephanie and is a Director of Sea/Sue.  Such co-conspirators

27

28  *Complaint*                        8

1   concocted a scheme whereby profits of Sea/Sue would be sent to all shareholders by way of a K-1 while

2   failing to distribute profits of any type or nature to Plaintiff Lorenn to help defray the costs of such tax

3   obligation created by the K-1.  Defendants, and each of them, knew that Plaintiff Lorenn was on

4   disability, was not employed by Sea/Sue, did not have the financial resources to pay the high taxes

5   created by the K-1s without distribution of some or all the profits represented by the K-1s.

6        45.   Defendants, and each of them, did the acts and things herein alleged pursuant to and in

7   furtherance of conspiracy and the above-alleged agreement including, but not limited to sending out a

8   written notification of the cessation of profits/dividends as of May 1, 2010 to all shareholders and

9   continuing to issue K-1s with significant profits to Plaintiff Lorenn without a distribution of profits to

10  pay or defer Plaintiff Lorenn's tax obligation up to the present time and continuing indefinitely in the

11  future.

12        46.   Defendants Sea/Sue and James furthered the conspiracy by cooperation, lending aid and

13  encouragement to and ratifying and adopting the acts of Defendants Charles by concurring in the failure

14  to distribute Sea/Sue profits to the shareholders when there were sufficient profits generated by Sea/Sue

15  to make appropriate distributions.

16        47.   Plaintiff Lorenn is informed and believes and based thereon alleges that the last overt act

17  in furtherance of the above-described conspiracy occurred on or about March 6, 2013 when the K-1s for

18  2012 were submitted and no distribution of such profits were made to the shareholders.

19        48.   Plaintiff Lorenn is informed and believes and based thereon alleges that the purpose of the

20  conspiracy was to put unbearable financial and economic pressure on Plaintiff Lorenn so as to force

21  Plaintiff Lorenn to sell Plaintiff Lorenn's stock to Defendants, and each of them, for less than fair market

22  value.

23        49.   As a direct and proximate result of the wrongful acts herein alleged, Plaintiff Lorenn has

24  been generally damaged in excess of $270,000.00, the exact amount of which will be determined at the

25  time of trial.

26  ///

27

28  *Complaint*                                    9

1       50.   As a further direct and proximate result of the breach of fiduciary duty by Defendants, and

2   each of them, Plaintiff Lorenn suffered humiliation, mental anguish and emotional and physical distress

3   all to her damage in an amount to be determined at the time of trial.

4       51.   The actions of Defendants, and each of them, were willful, wanton, malicious, intentional

5   and oppressive and were done in conscious disregard of the rights of Plaintiff Lorenn and were done to

6   deprive Plaintiff Lorenn of profits to which Plaintiff Lorenn was rightfully entitled, to place Plaintiff

7   Lorenn in severe economic hardship with a view toward inducing Plaintiff Lorenn to sell her shares of

8   stock in Sea/Sue to Defendants at less than their fair market value justifying an award of punitive and/or

9   exemplary damages in an amount to be determined at the time of trial.

10           AS AND FOR AN EIGHTH AND SEPARATE CAUSE OF ACTION AGAINST

11         DEFENDANTS SEA/SUE, CHARLES, JAMES AND DOES 141 THROUGH 160,

12     INCLUSIVE, AND EACH OF THEM FOR CONSPIRACY TO BREACH FIDUCIARY

13           DUTY, PLAINTIFF RONDA ALLEGES AS FOLLOWS:

14       52.   Plaintiff repeats and realleges Paragraphs 1 through 5 of the First Cause of Action,

15   Paragraphs 14 through 20 of the Second Cause of Action, Paragraphs 26 through 28 of the Fourth Cause

16   of Action Paragraphs 37 through 42 of the Sixth Cause of Action and by this reference incorporate same

17   herein as though set forth in full hereat.

18       53.   On or about April 29, 2010, Defendants Sea/Sue, Charles, James and Does 120 through

19   140, and each of them, knowingly and willfully conspired and agreed among themselves to breach the

20   fiduciary duty owed by the Officers, Directors and majority shareholders of Sea/Sue including James,

21   who owns 1125 shares with his wife, Stephanie and is a Director of Sea/Sue.  Such co-conspirators

22   concocted a scheme whereby profits of Sea/Sue would be sent to all shareholders by way of a K-1 while

23   failing to distribute profits of any type or nature to Plaintiff Lorenn to help defray the costs of such tax

24   obligation created by the K-1.  Defendants, and each of them, knew that Plaintiff Lorenn was on

25   disability, was not employed by Sea/Sue, did not have the financial resources to pay the high taxes

26   created by the K-1s without distribution of some or all the profits represented by the K-1s.

27

28   *Complaint*                        10

54. Defendants, and each of them, did the acts and things herein alleged pursuant to and in furtherance of conspiracy and the above-alleged agreement including, but not limited to sending out a written notification of the cessation of profits/dividends as of May 1, 2010 to all shareholders and continuing to issue K-1s with significant profits to Plaintiff Ronda without a distribution of profits to pay or defer Plaintiff Ronda's tax obligation up to the present time and continuing indefinitely in the future.

55. Defendants Sea/Sue and James furthered the conspiracy by cooperation, lending aid and encouragement to and ratifying and adopting the acts of Defendants Charles by concurring in the failure to distribute Sea/Sue profits to the shareholders when there were sufficient profits generated by Sea/Sue to make appropriate distributions.

56. Plaintiff Ronda is informed and believes and based thereon alleges that the last overt act in furtherance of the above-described conspiracy occurred on or about March 6, 2013 when the K-1s for 2012 were submitted and no distribution of such profits were made to the shareholders.

57. Plaintiff Ronda is informed and believes and based thereon alleges that the purpose of the conspiracy was to put unbearable financial and economic pressure on Plaintiff Ronda so as to force Plaintiff Ronda to sell Plaintiff Ronda's stock to Defendants, and each of them, for less than fair market value.

58. As a direct and proximate result of the wrongful acts herein alleged, Plaintiff Ronda has been generally damaged in excess of $150,000.00, the exact amount of which will be determined at the time of trial.

59. As a further direct and proximate result of the breach of fiduciary duty by Defendants, and each of them, Plaintiff Ronda suffered humiliation, mental anguish and emotional and physical distress all to her damage in an amount to be determined at the time of trial.

60. The actions of Defendants, and each of them, were willful, wanton, malicious, intentional and oppressive and were done in conscious disregard of the rights of Plaintiff Ronda and were done to deprive Plaintiff Ronda of profits to which Plaintiff Ronda was rightfully entitled, to place Plaintiff

1   Ronda in severe economic hardship with a view toward inducing Plaintiff Ronda to sell her shares of

2   stock in Sea/Sue to Defendants at less than their fair market value justifying an award of punitive and/or

3   exemplary damages in an amount to be determined at the time of trial.

4       AS AND FOR A NINTH AND SEPARATE CAUSE OF ACTION AGAINST DEFENDANTS

5       SEA/SUE AND DOES 161 THROUGH 180, INCLUSIVE, AND EACH OF THEM FOR

6       DECLARATORY RELIEF, PLAINTIFFS LORENN AND RONDA ALLEGE AS

7       FOLLOWS:

8          61.   Plaintiff repeats and realleges Paragraphs 1 through 12 of the First Cause of Action,

9   Paragraphs 14 through 20 of the Second Cause of Action, Paragraphs 22 through 24 of the Third Cause

10   of Action, Paragraphs 26 through 28 of the Fourth Cause of Action, Paragraphs 30 through 35 of the

11   Fifth Cause of Action, Paragraphs 37 through 42 of the Sixth Cause of Action, Paragraphs 44 through

12   51 of the Seventh Cause of Action, Paragraphs 53 through 60 of the Eighth Causes of Action and by this

13   reference incorporate same herein as though set forth in full hereat.

14          62.   An actual controversy has arisen and now exists between Plaintiffs and Defendants, and

15   each of them, concerning their respective rights and duties in that Plaintiffs contend that Defendants, and

16   each of them, have issued K-1s to shareholders representing the shareholders' respective ownership

17   interest in Sea/Sue without making distribution of the profits as reflected in the K-1s notwithstanding

18   the fact that Sea/Sue has made significant profits and has the ability at all times relevant hereto to

19   distribute the profits to the shareholders in accordance with the amount set forth on the K-1s from 2010

20   to the present.  Whereas Defendants, and each of them, dispute these contentions and contend that

21   Sea/Sue either does not have to distribute the profits to the shareholders in accordance with the K-1s or

22   does not have the requisite funds to make such distributions.

23          63.   Plaintiffs desire a judicial determination of their rights and duties and a declaration as to

24   whether or not Defendants, and each of them, are obligated to distribute profits to Plaintiffs in

25   accordance with the K-1s.

26          64.   A judicial declaration is necessary and appropriate at this time under the circumstances in

27

28   *Complaint*                   12

1   order that Plaintiffs may ascertain their rights as shareholders of Sea/Sue as a result of the sub-chapter

2   S election, tax reporting, K-1s and failure to make profit distributions.

3        65.  Plaintiffs have no adequate remedy at law since the failure of Defendants, and each of them,

4   to make appropriate distributions significantly impacts on the value of Plaintiffs' shares of stock,

5   Plaintiffs' lifestyle and Plaintiffs' ability to pay their taxes.

6        66.   Declaratory relief is necessary and appropriate in this circumstance to avoid Plaintiffs

7   having to file successive actions for each year that Defendants failed to make appropriate distribution

8   of profits and Defendants, and each of them, have sufficient assets to make such distribution.

9       WHEREFORE, Plaintiffs pray Judgment against Defendants, and each of them, as follows:

10              **FIRST AND SECOND CAUSES OF ACTION**

11     1.     For an accounting between Plaintiffs and Defendants;

12     2.     For payment over to Plaintiffs of the amount due from Defendants as a result of the

13           account;

14               **THIRD CAUSE OF ACTION**

15     3.     For the sum of $270,055.00;

16               **FOURTH CAUSE OF ACTION**

17     4.     For the sum of $150,031.00;

18            **FIFTH AND SEVENTH CAUSES OF ACTION**

19     5.     For damages in excess of $270,000.00, the exact amount of which is to be determined

20           at the time of trial;

21     6.     For damages for emotional and physical distress in an amount to be determined at the

22           time of trial;

23     7.     For punitive and/or exemplary damages in an amount to be determined at the time of

24           trial;

25            **SIXTH AND EIGHTH CAUSES OF ACTION**

26     8.     For damages in excess of $150,000.00, the exact amount of which is to be determined

27

28   *Complaint*                          13

1    at the time of trial;

2    9.    For damages for emotional and physical distress in an amount to be determined at the

3          time of trial;

4    10.   For punitive and/or exemplary damages in an amount to be determined at the time of

5          trial;

6                              **NINTH CAUSE OF ACTION**

7    11.   Declaring the rights of Plaintiffs and Defendants with regard to Defendant Sea/Sue's

8          obligation to distribute profits commensurate with Plaintiffs' K-1s;

9                              **ALL CAUSES OF ACTION**

10   12.   For interest on all sums due at the maximum legal rate;

11   13.   For costs of suit incurred; and

12   14.   For such other and further relief as the court deems just and proper.

13

14

15   DATED: April 25, 2013            LAW OFFICES OF STEPHEN M. FELDMAN, INC.

16

17                            By: _____

18                                STEPHEN M. FELDMAN
                                  Attorney for Plaintiffs LORENN ANDERSON;
19                                RONDA ANDERSON-SINGER

20

21

22

23

24

25   M:\Complaint\16152A.ml.wpd

26

27   _____

28   *Complaint*                          14

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** SEA/SUE, INC., a California
*(AVISO AL DEMANDADO):* corporation; CHARLES ANDERSON, an
individual; JAMES SAFECHUCK, an individual and DOES
1 through 180, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

VENTURA
SUPERIOR COURT
FILED

APR 26 2013

MICHAEL D. PLANET
Executive Officer and Clerk
By:_____ Deputy
JESSICA BROWN

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LORENN ANDERSON, an individual; RONDA ANDERSON-
SINGER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
800 South Victoria Avenue
Ventura, CA 93009

CASE NUMBER:
56-2013-00435786-CU-MC-VTA

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen M. Feldman, Esq.    SBN: 65773        (818) 407-0608    (818) 407-0620
21631 Heather Lee Lane, Chatsworth, CA 91311                                     (fax)

DATE: APR 26 2013         MICHAEL D. PLANET        JESSICA BROWN
*(Fecha)*                                    Clerk, by _____, Deputy
                                            *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* SEA/SUE, INC.; A CALIFORNIA CORPORATION.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservates)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

EXHIBIT B 

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

800 South Victoria Avenue
Ventura , CA 93009
(805) 654-2609
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: 56-2013-00435786-CU-MC-VTA

Your case has been assigned for all purposes to the judicial officer indicated below.

A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Barbara A. Lane | Ventura | 20 |
| HEARING   MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | | |

| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
|---|---|---|
| 10/02/2013 | 08:15:00 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

AT THE ABOVE HEARING IS MANDATORY.

Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).

If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 05/01/2013

Clerk of the Court,
By: _____
Jessica Brown, Clerk

VEN-FNR070

NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE


EXHIBIT C

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, CA 90067. On  June 12, 2013, I served the following document(s) described as: **DEFENDANTS NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

## SEE ATTACHED LIST

☒   **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐   **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s). (C.C.P. § 1011(a)(b))

☒   **FEDERAL:** I certify that I am employed in the office of a member of the bar of this court at whose direction service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 12, 2013, at Los Angeles, CA.

_____
Roland Morrissette

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

## SERVICE LIST

Stephen M. Feldman, Esq.
LAW OFFICES OF
STEPHEN M. FELDMAN, INC.
21631 Heather Lee Lane
Chatsworth, CA  91311
Tel:  818.407.0608 / Fax:  818.407.0620

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV13- 4228 GAF (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Lorenn Anderson and Ronda Anderson-Singer

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Sea/Sue, Inc., Charles Anderson, and James Safechuck

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Stephen M. Feldman, Esq.
Law Offices of Stephen M. Feldman, Inc.
21631 Heather Lee Lane, Chatsworth, CA 91311
Telephone: (818) 407-0620

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Matthew C. Kane, Esq.; Christopher A. Killens, Esq.
McGuireWoods LLP
1800 Century Park East, 8th Fl., Los Angeles, CA 90067
Telephone: (310) 315-8200

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ In excess of $840,086

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiffs have asserted claims for: an accounting, account stated, breach of fiduciary duty, conspiracy to breach fiduciary duty and declaratory relief.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☒ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number: CV13- 4228

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: 6/12/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims filed by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |