JS - 6    **LINKS: 6, 10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04228 GAF (VBKx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | Lorenn Anderson et al v. Sea/Sue Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

### ORDER RE: MOTION TO REMAND & MOTION TO DISMISS

### I. INTRODUCTION

Lorenn Anderson and Ronda Anderson-Singer, along with their brother Charles Anderson, are shareholders in Sea/Sue, Inc., a Subchapter S corporation. In this lawsuit, Lorenn and Ronda sue Charles, who holds the majority interest in Sea/Sue, claiming that Charles has failed for the past three years to distribute their share of the profits in Sea/Sue. Lorenn and Ronda filed their suit in Ventura County Superior Court; Charles and the other defendants then removed the case to federal court on the purported basis of federal question jurisdiction. They contend that this Court should hear the case because resolution of the dispute will require consideration of a substantial question of federal tax law. Plaintiffs now move to remand the case to state court because they assert that the case includes no federal claims and that the determination of their right to a distribution of profits arises entirely under state law and does not require consideration of any federal tax question.

Plaintiffs are correct. Their right to receive a distribution of corporate profits is a matter of state law, which is unrelated to Sea/Sue's corporate tax status. The tax consequences of the dispute, which may have motivated the dispute and are of serious concern to Lorenn and Ronda, are nevertheless immaterial to the question of their right to receive distributions of their share of corporate profits. Accordingly, the Court finds that this action presents no federal question, and therefore removal was improper and the motion to remand is **GRANTED**. However, the Court finds that Defendants' removal was not objectively unreasonable, and the Court declines to

JS - 6     **LINKS: 6, 10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04228 GAF (VBKx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | Lorenn Anderson et al v. Sea/Sue Inc et al | | |

award fees and costs. The request for imposition of sanctions is **DENIED.** Defendants' motion to dismiss is **DENIED as MOOT**. The Court's reasoning is discussed in greater detail below.

## II.
## PROCEDURAL HISTORY

     This action arises out of Defendant Sea/Sue, Inc.'s ("Sea/Sue") alleged failure to pay Plaintiffs Lorenn Anderson ("Lorenn") and Ronda Anderson-Singer ("Ronda") (collectively "Plaintiffs") their respective shares of corporate profits. (Docket No. 1, [Not. of Removal ("Not.")], Ex. A [Compl.].) Plaintiffs assert that Sea/Sue, which is an S-Corporation taxed as a partnership, wrongfully declined to distribute profits for about the last three years. (Id. ¶¶ 6-8, 14-16.) Plaintiffs bring this action against Sea/Sue, Charles Anderson ("Charles"), and James Safechuck (collectively "Defendants"), asserting state law claims stemming from Sea/Sue's failure to distribute profits, to which Plaintiffs attribute to Defendants' scheme to pressure Plaintiffs into selling their shares below fair market value.

     Plaintiffs originally brought this suit in Ventura County Superior Court. On June 12, 2013, Defendants removed this action to this Court on the basis of federal question jurisdiction. (Not. ¶¶ 5-11.) Defendants assert that:

> Plaintiff's [sic] Complaint involves a federal question because it involves claims and/or issues that arise under, are intertwined with, and/or derive in whole or in part from Defendant Sea/Sue, Inc.'s S-Corporation federal tax status which will require application and/or interpretation of Subchapter S of the Internal Revenue Code . . . .

(Id. ¶ 10.) In sum, Defendants believe that "Plaintiffs' right to relief requires resolution of a substantial question of federal law related to" Sea/Sue's corporate tax status. (Id. ¶ 11.)

     On June 28, 2013, Plaintiffs moved to remand this action back to Ventura County Superior Court on the basis that their Complaint states no federal claims. (Docket No. 10, [Mot. to Remand ("Remand Mem.")] at 2.) Pursuant to 28 U.S.C. § 1447(c), Plaintiffs seek attorney's fees and costs incurred in conjunction with an improper removal in the amount of $5,705.00. (Id. at 7-8.) The Court considers simultaneously Defendants' motion to dismiss and/or strike. (Docket No. 6, [Mot. to Dismiss ("Dismiss Mem.")].)

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04228 GAF (VBKx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | Lorenn Anderson et al v. Sea/Sue Inc et al | | |

### III.
### FACTUAL BACKGROUND

Plaintiffs Lorenn and Ronda allege that they own an 11.25% and 6.25% interest in Sea/Sue, respectively. (Compl. ¶¶ 6, 14.) Plaintiffs further allege that "[e]ach year prior to May 1, 2010, all owners of Sea/Sue received a K-1 indicating their percentage of the profits and losses of Sea/Sue with the year in question along with a distribution of profits." (Id. ¶¶ 7, 15.) Plaintiffs allege that on or about May 1, 2010, and continuing to the present time, Sea/Sue provided them with their respective K-1s, indicating profits were made, "but Sea/Sue failed and refused to distribute these profits demonstrated on the K-1s . . . ." (Id.) Instead, Defendants allegedly announced that Sea/Sue would cease making distributions to shareholders. (Id.)

Because, as Plaintiffs allege, profits were not distributed, they "had tax liability for the Sea/Sue profits but did not receive a distribution of the profits for which to pay the taxes placing Plaintiff[s] in a precarious financial position." (Id. ¶¶ 9, 17.) Lorenn believes to be owed in excess of $270,000. (Id. ¶ 11.) Ronda believes to be owed in excess of $150,000. (Id. ¶ 19.)

Defendant Anderson is Lorenn and Ronda's brother and an officer, director, and majority shareholder of Sea/Sue. (Id. ¶¶ 30, 37.) Plaintiffs believe that Anderson "orchestrat[ed] and implement[ed] a policy whereby profits to which Plaintiff[s] . . . would be entitled from [their] ownership interest of Sea/Sue would be allocated to Plaintiff[s] . . . through K-1s," but not distributed "so that severe economic pressure would be brought to bear upon Plaintiff[s] . . . ." (Id. ¶¶ 32, 39.) Plaintiffs allege that this was done to induce Plaintiffs to sell their shares at less than fair market value. (Id. ¶¶ 35, 42.) Plaintiffs further allege that on or about April 29, 2010, Defendants conspired "to breach the fiduciary duty owed by the Officers, Directors and majority shareholders of Sea/Sue . . . ." (Id. ¶¶ 44, 53.) Plaintiffs believe that Defendants "concocted a scheme whereby profits of Sea/Sue would be sent to all shareholders by way of a K-1 while failing to distribute profits of any type or nature to Plaintiff[s] . . . to help defray the cost of such tax obligation created by the K-1." (Id.) Plaintiffs allege that Defendants conspired for the purpose of "put[ting] unbearable financial and economic pressure on Plaintiff[s] . . . so as to force Plaintiff[s] . . . to sell [their] stock to Defendants . . . for less than fair market value. (Id. ¶¶ 48, 57.) At all times relevant, Plaintiffs allege, "Sea/Sue has made significant profits and has [had] the ability . . . to distribute the profits to shareholders in accordance with the amount set forth on the K-1s from 2010 to the present." (Id. ¶ 62.)

On the basis of the aforementioned allegations, Plaintiffs assert the following claims: an accounting, an account stated, breach of fiduciary duty, conspiracy to breach fiduciary duty, and declaratory relief.

JS - 6      **LINKS: 6, 10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04228 GAF (VBKx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | Lorenn Anderson et al v. Sea/Sue Inc et al | | |

**IV.
DISCUSSION**

**A. MOTION TO REMAND**

**1. LEGAL STANDARD**

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. See 28 U.S.C. § 1441(a). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "[J]urisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. §§ 1441, 1331. A case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 28-29 (1983). Regarding the latter category, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013) (citing Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)). "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). If the claims themselves arise under state law, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd, 463 U.S. at 14). Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

JS - 6     **LINKS: 6, 10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04228 GAF (VBKx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | Lorenn Anderson et al v. Sea/Sue Inc et al | | |

**2. APPLICATION**

Here the question before the Court is not whether a federal claim has been stated – clearly the claims arise under state law. Rather, the issue is whether the resolution of these state law claims necessarily requires the resolution of a substantial question of federal law. That is, do any of Plaintiffs' claims depend on resolution of a substantial question of federal law? Grable, 545 U.S. at 314. They do not.

Cases where federal jurisdiction exists because a state law claim implicates significant federal issues, Grable, 545 U.S. at 312, establish an exception, which the Supreme Court describes as "special and small," to the general rule that the cause of action must arise under federal law to warrant removal. Gunn, 133 S. Ct. at 1064-65 (quoting Empire HealthChoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)). Grable, which involved the Federal Tax Code, provides in illuminating example. In Grable, the IRS seized real property belonging to Grable & Sons Metal Products, Inc. to satisfy a federal tax delinquency. 545 U.S. at 310. Five years later, Grable brought a quiet title action against Darue Engineering & Manufacturing, which was given a quitclaim deed to the property at issue by the Government, asserting that the IRS failed to give proper notice of its seizure of the property as required by 26 U.S.C. § 6335(a). Id. at 310-11. The Court found that Darue properly removed the case on the basis that:

> Grable has premised its superior title claim on a failure by the IRS to give it adequate notice, as defined by federal law. Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute . . . . The meaning of the federal tax provision is an important issue of federal law . . . . The Government has a strong interest in the prompt and certain collection of delinquent taxes, and the ability of the IRS to satisfy its claims from the property of delinquents requires clear terms of notice to allow buyers like Darue to satisfy themselves that the Service has touched the bases necessary for good title. The Government thus has a direct interest in the availability of a federal forum to vindicate its own administrative action, and buyers (as well as tax delinquents) may find it valuable to come before judges used to federal tax matters.

Id. at 314-15 (internal quotations and citation omitted). In short, the Grable litigation implicated a uniform national policy whose implementation was essential to the collection of delinquent taxes and clear notice to all who deal with the IRS.

The limitation on Grable's holding was illuminated by the Supreme Court one year later in Empire HealthChoice Assur., Inc. v. McVeigh, 547 U.S. 677 (2006). In Empire Health, the

Case 2:13-cv-04228-GAF-VBK  Document 14  Filed 07/23/13  Page 6 of 8  Page ID #:197

JS - 6     LINKS: 6, 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04228 GAF (VBKx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | Lorenn Anderson et al v. Sea/Sue Inc et al | | |

Court undertook the issue of whether 28 U.S.C. § 1331 encompassed a reimbursement claim by an insurance company involving a health insurance plan governed by the Federal Employees Health Benefits Act of 1959. In holding that it did not, Empire characterized the dispute in Grable as "centered on the action of a federal agency (IRS) and its compatibility with a federal statute . . . ." Id. at 700.

Even more illuminating is the Supreme Court's unanimous decision rendered just this last February in Gunn. Gunn analyzed a legal malpractice claim involving patent law, utilizing the four-factor rubric it modeled after Grable. In Gunn, Vernon Minton sued his former attorney - Jerry Gunn - for malpractice after losing a patent suit. 133 S. Ct. at 1062-63. Minton believed that Gunn committed malpractice by failing to raise the experimental-use exception in Minton's underlying infringement case. Id. at 1063. Though the case hinged on the question of whether the experimental use exception applied, the Court found that the case did not arise under federal law. Id. at 1065. Importantly, the Court found that there was no substantial federal issue and noted that in order for an issue to be "substantial" within the meaning of the Gunn test, "[t]he substantiality inquiry under Grable looks . . . to the importance of the issue to the federal system as a whole." Id. at 1066. The question in Gunn carried little significance beyond the parties at issue, merely requiring the state court to look, in a hypothetical sense, whether "the result in the patent infringement proceeding [would] have been different" if Gunn "raised a timely experimental-use argument." Id. at 1066-67. Regardless of the decision, Minton's patent would remain invalid. Id. at 1067.

Here Defendants' theory of federal jurisdiction fails the Gunn test for two primary reasons. First, there is no federal issue necessarily raised or in dispute. Defendants do not dispute whether Sea/Sue is in fact an S-Corporation that passes through profits and losses to its shareholders for federal tax purposes. (Opp. at 2.) Rather Defendants argue that "all of Plaintiffs' claims hinge on an adjudication of whether Defendant Sea/Sue was required to make pro rata profit distributions to them each year ***based on its S-Corporation status under the IRC***, which is **a question of federal law**." (Docket No. 12, [Opp. to Mot. to Remand ("Opp.")] at 1) (emphasis in original.) But that is not so. Given that the parties agree that Sea-Sue is an S-corporation, the tax rules are merely part of the landscape of the litigation. The rules are not in dispute – Plaintiffs' right to a distribution is. The parties dispute focuses not on taxes, but rather on the reasons for which Sea/Sue decided to stop distributing profits. (See generally Compl.) Whether under all relevant circumstances Plaintiffs are entitled to a distribution of profits turns on California corporations law. See CTS Corp. v. Dynamics Corp. of Am., 481 U.S. 69, 89 (1987) ("No principle of corporation law and practice is more firmly established than a State's authority to regulate domestic corporations . . . ."); United States v. Castellano, 349 F.3d 483, 486 (7th Cir. 2003) ("Unless some federal statute or regulation addresses the subject, the relation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04228 GAF (VBKx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | Lorenn Anderson et al v. Sea/Sue Inc et al | | |

among corporations, managers, and investors is governed by state corporate law"). The Federal Tax Code, on the other hand, does not regulate the relationship among corporate shareholders but rather regulates the relationship between the corporation and its shareholders, on the one hand, and the IRS, on the other. Shreiber v. Mastrogiovanni, 214 F.3d 148, 152-53 (3d Cir. 2000); see all United States v. Kruckel, 1993 U.S. Dist. LEXIS 20777, at *53 (D.N.J. Aug. 13, 1993) ("The Internal Revenue Code defines the taxpaying relationship between the taxpayer and the government . . . .") In other words, "[s]tate law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed." Morgan v. Commissioner, 309 U.S. 78, 80 (1940).

Second, under Gunn, Sea/Sue's corporate status does not implicate a "substantial" federal question in any relevant sense. As Gunn holds, "[t]he substantiality inquiry under Grable looks instead to the importance of the issue to the federal system as a whole." Gunn, 133 S. Ct. at 1066. Unlike in Grable, which involved the compliance of a federal agency with federal law and had implications concerning the Government's ability to recover delinquent taxes, id., the resolution of this action bears no significant implication for the federal system. Whether Sea/Sue should have distributed profits or not is solely a concern among the litigants at hand. Even if the issue were as Defendants phrase it - "whether shareholders are entitled to a mandatory distribution of profits by a corporation as a result of it having elected S-Corporation status under the [Internal Revenue Code]", (Opp. at 10) - there would still be no relevant substantial question. Shareholders of S-Corporations are taxed "whether or not the corporate profits actually are distributed to the shareholders." Santa Clara Valley Hous. Group, Inc. v. United States, 2011 U.S. Dist. LEXIS 107101, at *3 (N.D. Cal. 2011). In other words, the federal government does not care whether corporate profits are actually distributed - the IRS collects its money regardless.[1]

Accordingly, the Court **GRANTS** Plaintiffs' motion to remand. However, the Court finds that attorneys' fees are not warranted here. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While this action must be remanded, the Court cannot find that Defendants lacked an

---

[1] The Court also notes that, under Gunn, this action would not be capable of resolution in federal court without offending the "appropriate balance of federal and state judicial responsibilities." Gunn, 133 S. Ct. at 1068 (internal quotations and citation omitted). Gunn held that in the absence of a substantial federal issue, in conjunction with a special state interest in the issue at hand, this factor will not be met. Id. at 1068. Here, there is no substantial federal issue in the relevant sense, and as noted above states have a particular interest in regulating corporate activity.

JS - 6    **LINKS: 6, 10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-04228 GAF (VBKx) | Date | July 23, 2013 |
|---|---|---|---|
| Title | Lorenn Anderson et al v. Sea/Sue Inc et al | | |

objectively reasonable basis for removal.

**B. MOTION TO DISMISS**

Given the Court's findings above, the Court lacks subject matter jurisdiction over this action and accordingly Defendants' motion to dismiss is **DENIED as moot**.

**V.
CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED**. This action is **REMANDED** to the Ventura County Superior Court. Defendants' motion to dismiss is therefore **DENIED as MOOT**. The hearings previously scheduled for July 29, 2013 are hereby **VACATED**.

**IT IS SO ORDERED.**